**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

OTHMAN ARJOUAN,

      Plaintiff/Petitioner,

v.

LATIFA BINT-ALL AL-GABRY
CABRÉ,

      Defendant/Respondent.

No. 1:17-cv-00782-PJK-JHR

**ORDER ON PENDING MOTIONS**

THIS MATTER came on for consideration of various pending motions including

certain motions filed pursuant to the Order on Status Conference filed January 23, 2018

(ECF No. 51). Upon consideration thereof:

(1) Respondent's Motion for Judicial Notice of Adjudicative Facts Pursuant to

Fed. R. Evid. 201 filed March 8, 2018 (ECF No. 64), is not well taken and should be

denied. Petitioner should have responded to the motion by March 12, 2018, in

accordance with the court's order (ECF No. 51), but ultimately responded on March 14,

2018 (ECF No. 71).

Respondent contends that Petitioner has consented to the motion in accordance

with D.N.M.LR-Civ. 7.1(b) by failing to file a timely response, see ECF No. 70,

however, inherent in the court granting a motion based upon implied consent is the movant's entitlement to the relief sought.  Cf. Fed. R. Civ. P. 56(e)(3).  Here, it is abundantly clear that Respondent is not so entitled for both procedural and substantive reasons.

Respondent seeks to have the court take judicial notice of all pleadings, final orders, and transcripts in two state district court cases, State of New Mexico, First Judicial District Court Case Nos. D-101-DV-2015-00380 and D-101-DM-2016-00105. These cases resulted in a protective order against Petitioner and an award of sole custody of the child to the Respondent.

Respondent appears to be asking the court to take judicial notice of the underlying factual findings in the state court proceedings (though it is not entirely clear given some 164 pages of exhibits).  Fed. R. Evid. 201(b) allows a court to take judicial notice of "a fact that is not subject to reasonable dispute" because it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

The court notes that Petitioner filed a motion in limine to exclude evidence regarding the state court proceedings on December 14, 2017, indicating Petitioner's opposition.  ECF No. 41.  Moreover, Judge Armijo determined that "testimony will be required to determine whether the [State] Court had personal jurisdiction over [Petitioner] Father and, if so, whether Father had notice of the proceedings, both of which Father contests."  ECF No. 34, at 10; see also ECF No. 71, at 3–7.  Judicial notice of an opinion

and order of another court is not appropriate for the truth of the factual recitations, but rather for the opinion or order's existence.  Estate of Lockett ex rel. Lockett v. Fallin, 841 F.3d 1098, 1111 (10th Cir. 2016).  In addition, judicial notice is inappropriate for disputed facts because it precludes a party from introducing contrary evidence and raises serious due process concerns given disputed facts because it removes cross-examination, rebuttal, and argument from the parties.  United States v. Boyd, 289 F.3d 1254, 1258 (10th Cir. 2002).  Given this outcome, the court will deny Respondent's motion for leave to file exhibits in excess of 50 pages.  ECF No. 74.

(2) Both Petitioner and Respondent have requested that various witnesses appear telephonically at trial.  See Respondent's Motion for Danish Therapist Linda Brogaard to Appear Telephonically at Trial filed March 8, 2018 (ECF No. 65); Petitioner's Motion, Nunc Pro Tunc, for Danish Attorney, Arbab Perveez, to Appear Telephonically at Trial filed March 15, 2018 (ECF No. 73); Petitioner's Opposed Second Motion for Danish Witnesses to Appear Telephonically at Trial filed March 16, 2018 (ECF No. 75).  Regarding the medium of presentation, the court will deny these motions now and without full briefing (given the pendency of the trial) in favor of the parties conducting video depositions (with all objections placed on the record) that can be replayed at trial so the court may observe the demeanor of the witnesses.

(3) The court will grant Respondent's Motion for In Camera Testimony filed March 8, 2018 (ECF No. 66), given the lack of timely opposition by Petitioner and because in camera testimony of the child seems appropriate given the child's age.

(4) The status of Petitioner's First Motion In Limine filed December 14, 2017 (ECF No. 41), is somewhat unclear.  Although it is clear that Petitioner contests personal jurisdiction in the New Mexico state court proceedings, Petitioner also challenged various defenses raised by Respondent.  It appears that Judge Armijo's order contemplates evidence on the issue of abuse.  ECF No. 34, at 10.  In the meantime, the court ordered Respondent to answer, ECF No. 51, and supplemental discovery to occur, ECF No. 56.  The court will deny Petitioner's motion in limine at this time, recognizing the issues on which Judge Armijo determined that the taking of evidence would be required.  Petitioner may file an updated motion in limine within the next week if necessary; Respondent may have a week to respond.

(5) The trial of this matter will begin April 17, 2018, in Albuquerque (Pecos Courtroom, Third Floor) at 10:00 a.m.  Counsel should submit proposed findings of fact and conclusions of law, and any optional trial brief, not later than 20 days prior to trial.

NOW, THEREFORE, IT IS ORDERED that

(1) Respondent's Motion for Judicial Notice of Adjudicative Facts Pursuant to Fed. R. Evid. 201 filed March 8, 2018 (ECF No. 64), is denied;

(2) Respondent's Motion to Allow Exhibits to Exceed 50 Pages in Respondent's Motion for Judicial Notice of Adjudicative Facts Pursuant to Fed. R. Evid. 201 filed March 15, 2018 (ECF No. 74), is denied;

(3) Respondent's Motion for Danish Therapist Linda Brogaard to Appear Telephonically at Trial filed March 8, 2018 (ECF No. 65), is denied;

(4) Petitioner's Motion Nunc Pro Tunc for Danish Attorney, Arbab Perveez, to Appear Telephonically at Trial filed March 15, 2018 (ECF No. 73), is denied;

(5) Petitioner's Opposed Second Motion for Danish Witnesses to Appear Telephonically at Trial filed March 16, 2018 (ECF No. 75), is denied;

(6) Respondent's Motion for In Camera Testimony filed March 8, 2018 (ECF No. 66), is granted;

(7) Petitioner's First Motion In Limine filed December 14, 2017 (ECF No. 41), is denied, with the court recognizing that certain disputed issues of fact will require evidence; and

(8) Trial of this matter is set for April 17, 2018, in Albuquerque (Pecos Courtroom, Third Floor) at 10:00 a.m.  Counsel should submit proposed findings of fact and conclusions of law, and optional trial briefs, not later than 20 days prior to trial.

DATED this 21st day of March  2018, at Santa Fe, New Mexico.

United States Circuit Judge
Sitting by Designation

Counsel:
Nathaniel V. Thompkins, New Mexico Firm, LLC, Santa Fe, New Mexico, for Petitioner.

Morgan E. Honeycutt, Walther, Bennett, Mayo, Honeycutt, P.C., Santa Fe, New Mexico, for Respondent.