# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

OTHMAN ARJOUAN,

    Plaintiff/Petitioner,

v.

LATIFA BINT-ALL AL-GABRY CABRÉ,

    Defendant/Respondent.

No. 1:17-cv-00782-PJK-JHR

## ORDER DENYING MOTION TO STRIKE

THIS MATTER came on for consideration of Petitioner's Expedited Motion to Strike Respondent's Witness and Exhibits Regarding Leslie Pearlman, Ph.D Based Upon Rule 26 Discovery Violations filed May 21, 2018 (ECF No. 100). Upon consideration thereof, the Motion is not well taken and should be denied.

The deposition of Dr. Pearlman, the child's treating clinical psychologist, is set for May 25, 2018. Petitioner contends that Respondent has failed to provide initial disclosures, Fed. R. Civ. P. 26(a)(1)(a), D.N.M.LR-Civ. 26.3(d), and expert witness disclosures, Fed. R. Civ. P. 26(b)(4)(A), including an expert report, Fed. R. Civ. P. 26(a)(2)(B). Taking a direct approach, he argues that the failure to provide or supplement such information calls for exclusion of Dr. Pearlman as a witness along with the evidence

she authored.  See Fed. R. Civ. P. 37(c)(1) (allowing for such sanctions unless the failure was substantially justified or harmless); see also HCG Platinum, LLC v. Preferred Prod. Placement Corp., 873 F.3d 1191, 1200–01 (10th Cir. 2017) (describing the factors that must be considered in sanctioning a party).

Petitioner filed his motion without the exhibits referenced in the motion.  Be that as it may, discovery in this case has lagged for several reasons (some beyond the control of the parties), and the court has made every effort to get the parties to complete discovery.  That said, Dr. Pearlman was listed as a witness, as were three letters she authored, on the Respondent's exhibit and witness list filed December 15, 2017.  ECF No. 42.  The court rejects the notion that Dr. Pearlman is an expert who must provide a written expert report in this case; she is the child's treating therapist.  See D.N.M.LR-Civ. 26.3(b) ("Treating physicians need not prepare an expert report as required by Fed. R. Civ. P. 26(a)(2)(B)."); Davoll v. Webb, 194 F.3d 1116, 1138 (10th Cir. 1999) ("A treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party.").  The court also rejects Petitioner's argument that he has been prejudiced "at this eleventh-hour" by his inability to designate a counter-expert; Petitioner has known about Dr. Pearlman since at least December 15, 2017.

Petitioner is correct that this motion comes at the eleventh hour.  At the May 1 status conference, the court encouraged the parties to complete discovery vis-à-vis this witness, including a release allowing Petitioner to obtain Dr. Pearlman's records.

Respondent provided a release that same day. ECF No. 101, at 8–9. Dr. Pearlman (a non-party) responded with a Clinical Summary Report but declined to provide her clinical notes. ECF No. 101, at 10, 14–16 (May 15, 2018).

It is apparent that Respondent has now provided all of the documents and reports Respondent has concerning this witness. Insofar as Dr. Pearlman's reluctance to provide her clinical notes, Respondent as a party cannot force Dr. Pearlman to do so. The sanctions sought by this motion are not appropriate.

NOW, THEREFORE, IT IS ORDERED that

(1) Petitioner's Expedited Motion to Strike Respondent's Witness and Exhibits Regarding Leslie Pearlman, Ph.D Based Upon Rule 26 Discovery Violations filed May 21, 2018 (ECF No. 100) is denied, and

(2) Respondent's request for attorney's fees necessitated by responding to this motion is denied.

DATED this 24th day of May 2018, at Santa Fe, New Mexico.

_____
Paul Kelly, J.
United States Circuit Judge
Sitting by Designation