# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| OTHMAN ARJOUAN,<br><br>  Plaintiff/Petitioner,<br><br>v.<br><br>LATIFA BINT-ALL AL-GABRY CABRÉ,<br><br>  Defendant/Respondent. | No. 1:17-cv-00782-PJK-JHR |

## NOTICE OF CONDITIONS FOR VOLUNTARY DISMISSAL

THIS MATTER comes before the court on Petitioner Othman Arjouan's Voluntary Motion to Dismiss Petition Without Prejudice filed June 13, 2018 (ECF No. 108). Upon consideration thereof, the court is willing to grant Mr. Arjouan's motion subject to conditions discussed below. Mr. Arjouan is ordered to file a response to this notice by 5:00 p.m. MDT on Thursday, July 5, 2018.

### Background

Mr. Arjouan brought this action for return of his son, S.C.A., on July 31, 2017. See ECF No. 1. A bench trial was initially set for January 4, 2018, see ECF No. 33, but on Respondent Latifa Bint-All Al-Gabry Cabré's motion, trial was postponed and

eventually reset for April 17, 2018, see ECF Nos. 46, 77.  To reduce prejudice to Mr. Arjouan from the delay, the court entered an order excluding the time after January 4, 2018, for the purposes of the well-settled child defense under the Hague Convention.  See ECF No. 51.  Because of deposition scheduling problems regarding an important witness, trial was postponed again and reset for May 30, 2018.  See ECF Nos. 84–85.  On May 29, 2018, Mr. Arjouan informed the court that he encountered unexpected difficulties entering the United States, and trial was rescheduled for July 18, 2018.  See ECF Nos. 105, 107.  Now, "[d]ue to his years of persuing [sic] the return of his son, [Mr. Arjouan] has been emotionally impacted such that he feels compled [sic] to withdraw his petition, without prejudice."  ECF No. 108, at 2.

Ms. Cabré opposes Mr. Arjouan's motion for voluntary dismissal without prejudice and asks the court to deny it and proceed to trial on July 18, 2018.  ECF No. 109, at 4.  Alternatively, she asks that the court grant the motion with prejudice or, failing that, award her the costs and attorney's fees that she incurred in defending this action.  Id.

**Discussion**

At this stage of litigation, after Ms. Cabré has served an answer (ECF No. 54), Mr. Arjouan's action may be dismissed "only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  This rule is designed to prevent voluntary dismissals that unfairly affect the opposing party.  Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993).  Consequently, the court should grant Mr. Arjouan's motion unless it would cause

legal prejudice to Ms. Cabré.  See Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997).

      A.  Ms. Cabré Would Suffer Prejudice If the Motion Were Granted

The mere prospect of defending against a second action does not constitute legal prejudice.  Brown v. Baeke, 413 F.3d 1121, 1124 (10th Cir. 2005).  Instead, factors constituting legal prejudice include (1) "the opposing party's effort and expense in preparing for trial," (2) "excessive delay and lack of diligence on the part of the movant," (3) "insufficient explanation of the need for a dismissal," and (4) "the present stage of litigation."  Ohlander, 114 F.3d at 1537.  "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper."  Id.  "These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case."  Brown, 413 F.3d at 1124.  "The district court should endeavor to insure substantial justice is accorded to both parties" and therefore "must consider the equities not only facing the defendant, but also those facing the plaintiff."  Ohlander, 114 F.3d at 1537.

Here, factors (1), (3), and (4) weigh against granting Mr. Arjouan's motion for voluntary dismissal without prejudice.  Ms. Cabré has spent significant effort and expense preparing for trial; she asserts that she has incurred $2,138.47 in costs and $93,853.79 in attorney's fees as of May 31, 2018.  ECF No. 109, at 3.  S.C.A. has had to prepare for trial (by providing in camera testimony), too.  See ECF No. 106.  While the

3

court does not find any excessive delay or lack of diligence on the part of Mr. Arjouan (he is responsible for only the most recent delay under circumstances that appear to be outside of his control), Mr. Arjouan has not provided a sufficient explanation for dismissal. In his motion, he states only that he "has been emotionally impacted" by the litigation. ECF No. 108, at 2. Moreover, the present stage of litigation — with trial imminent — weighs against dismissal.

The unique circumstances of this case also weigh against granting Mr. Arjouan's motion. On one hand, he and his counsel may be at a disadvantage if he is unable to attend trial in person because of travel difficulties. On the other hand, the outcome of this litigation has the potential to profoundly affect the parties' lives, and whether S.C.A. must be returned to Denmark is of deep personal significance to everyone involved. Under these circumstances, Ms. Cabré understandably feels that she and S.C.A. "cannot move forward with their lives under the threat that [Mr. Arjouan] may refile at any time" and that they "need a final resolution to this matter." ECF No. 109, at 2–3. Furthermore, Article 11 of the Hague Convention provides that proceedings for the return of children should be handled expeditiously, and Mr. Arjouan has not indicated when his travel difficulties will be resolved. The Convention's purpose would not be served by further delaying the outcome of Mr. Arjouan's case for return, especially when the case is so close to trial. See Ohlander, 114 F.3d at 1539 (noting that courts should consider the Hague Convention's purpose when evaluating a motion for voluntary dismissal).

4

Altogether, the circumstances of this case weigh against granting Mr. Arjouan's motion. But Mr. Arjouan claims that he would be prejudiced if his motion were denied because he might not be able to "be present and meaningfully particpate [sic] in the trial" because of his travel difficulties. ECF No. 111, at 5. Rather than denying the motion, then, the court may (pursuant to Federal Rule of Civil Procedure 41(a)(2)) impose curative conditions to alleviate unfair prejudice to the opposing party from granting the motion. See Brown, 413 F.3d at 1126 ("[T]he effective use of curative conditions can help balance competing equities and ensure that substantial justice is done for all parties . . . .").

    B. Curative Conditions Alleviate the Prejudice from Granting the Motion

A court should usually require a plaintiff to pay the costs of litigation as a condition of dismissal without prejudice. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2366 (3d ed. 2018). Additionally, "[w]hen a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him." AeroTech, Inc. v. Estes, 110 F.3d 1523, 1528 (10th Cir. 1997); see also United States ex rel Stone v. Rockwell Int'l Corp., 282 F.3d 787, 810 (10th Cir. 2002) ("Typically, 'a court imposes as a term and condition of dismissal [without prejudice] that plaintiff pay the defendant the expenses he has incurred in defending the suit, which usually includes reasonable attorney's fees.'" (alteration in original) (quoting Marlow v. Winston & Strawn, 19 F.3d 300, 303 (7th Cir.

5

1994))).  This curative condition is an appropriate means of alleviating "the 'practical prejudice' of expenses incurred in defending the action."  Pontenberg v. Bos. Sci. Corp., 252 F.3d 1253, 1260 (11th Cir. 2001) (quoting McCants v. Ford Motor Co., 781 F.2d 855, 859 (11th Cir. 1986)).  "In contrast, when a plaintiff dismisses an action with prejudice, attorneys' fees are usually not a proper condition of dismissal because the defendant cannot be made to defend again."  AeroTech, 110 F.3d at 1528.

A court can grant a motion for voluntary dismissal on the condition that it be with prejudice.  9 Wright & Miller, supra, § 2366; see Sundown Energy, LP v. Haller, No. CIV.A. 10-4354, 2012 WL 642840, at *2 (E.D. La. Feb. 28, 2012); cf. Rockwell Int'l, 282 F.3d at 810.  And it can also give the movant a choice between dismissal without prejudice conditioned on the payment of costs and attorney's fees and dismissal with prejudice conditioned on the payment of costs alone.  9 Wright & Miller, supra, § 2366; see Mott v. Conn. Gen. Life Ins. Co., 2 F.R.D. 523, 526 (N.D. Iowa 1942).  An award of attorney's fees as a condition of dismissal without prejudice should not include "any fees for work that may be utilized in subsequent litigation of the same claim."  Marlow, 19 F.3d at 306.  If court-imposed conditions of dismissal are too onerous, the movant has the option of withdrawing his or her motion and proceeding to trial.  Id. at 304.

Here, an award of costs and attorney's fees can alleviate much of the legal prejudice to Ms. Cabré from a dismissal without prejudice.  If Mr. Arjouan files a second petition, Ms. Cabré will not have to pay duplicative expenses, and she will have an even stronger argument that the well-settled child defense applies because subsequent

6

proceedings will have commenced well after the one-year period specified in Article 12 of the Hague Convention.  But if Mr. Arjouan does not plan to file a second petition, he might prefer a dismissal with prejudice because it would satisfy Ms. Cabré's need for finality, obviating the need to pay her attorney's fees.  Accordingly, the court offers Mr. Arjouan the following options:

- Option 1: The court will grant Mr. Arjouan's motion for voluntary dismissal without prejudice on the condition that (1) he pay Ms. Cabré's costs and attorney's fees (less any fees for work that may be utilized in subsequent litigation of the same claim) and (2) the court will vacate its order excluding the time from January 4, 2018, for the purposes of the well-settled child defense (ECF No. 51).  If Mr. Arjouan agrees to these conditions but fails to comply within a reasonable time, the dismissal will be with prejudice.  See Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 471 (4th Cir. 1993); Lau v. Glendora Unified Sch. Dist., 792 F.2d 929, 930 n.2 (9th Cir. 1986).

- Option 2: The court will grant Mr. Arjouan's motion for voluntary dismissal with prejudice on the condition that he pay Ms. Cabré's costs other than attorney's fees.

- Option 3: Mr. Arjouan may withdraw his motion for voluntary dismissal and the case will proceed to trial.

NOW, THEREFORE, IT IS ORDERED that Mr. Arjouan file a response to this notice by 5:00 p.m. MDT on Thursday, July 5, 2018, advising the court of which option he prefers.  If Mr. Arjouan fails to file a response or withdraw his motion by 5:00 p.m.

MDT on Thursday, July 5, 2018, the court will deem him to have consented to Option 1. See Unioil, Inc. v. E.F. Hutton & Co., 809 F.2d 548, 555 (9th Cir. 1986) ("[A] plaintiff who knows or has reason to know that he may withdraw his motion for dismissal will be deemed to have consented to the conditions attached to the voluntary dismissal unless he withdraws his motion within a reasonable time."), abrogated on other grounds by Townsend v. Holman Consulting Corp., 929 F.2d 1358 (9th Cir. 1990).

DATED this 29th day of June 2018, at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation