# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| OTHMAN ARJOUAN, <br><br> Plaintiff/Petitioner, <br><br> v. <br><br> LATIFA BINT-ALL AL-GABRY CABRÉ, <br><br> Defendant/Respondent. | No. 1:17-cv-00782-PJK-JHR |

## ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION FOR ATTORNEYS' FEES AND COSTS

THIS MATTER comes before the court on Respondent Cabré's Motion for Attorneys' Fees and Costs filed August 20, 2018. ECF No. 120. Upon consideration thereof, the court will grant the motion in part and deny it in part.

### Background

The court previously granted Petitioner Arjouan's motion for voluntary dismissal without prejudice on the condition that he pay Ms. Cabré's costs and attorneys' fees (less any fees for work that may be utilized in subsequent litigation of the same claim). See Order Granting Dismissal Without Prejudice on Conditions (ECF No. 113). The court dismissed this action without prejudice on the condition that if Mr. Arjouan fails to pay

any costs and recoverable attorneys' fees that may be awarded to Ms. Cabré, she may seek to reopen and have this action dismissed with prejudice. Judgment at 1 (ECF No. 114).

The same day this court entered judgment, a Danish court — in a concurrent proceeding taking place in Denmark — awarded sole custody of the child to Ms. Cabré. The evidence suggests that Mr. Arjouan had four weeks to appeal the decision, but did not. Resp't's Mot. for Att'ys' Fees and Costs, Ex. C (ECF No. 120-3). Ms. Cabré now contends that she may reside with the minor child wherever she chooses. The implication may be that none of her counsel's work to date in these proceedings can be reused in future litigation, but Ms. Cabré never addressed this important point in her motion.

Be that as it may, Mr. Arjouan has failed to respond to the motion for attorneys' fees and costs. Under the circumstances, the local rule provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b). Notwithstanding, the court reviews such awards to ensure they are justified. See Reed v Bennett, 312 F.3d 1190, 1193 (10th Cir. 2002) (in the case of a failure to respond to a summary judgment motion, the court must still consider whether the motion conforms with the substantive law); cf. Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 249 (2010) ("[T]he court must review the attorneys' fees and costs requested and limit them to a reasonable amount." (internal quotation marks omitted)).

**Discussion**

A. Costs

The request for costs does not comply with the local rules, see D.N.M. LR-Civ. 54.1 & 54.2, which require an itemization of costs and an affidavit that "the costs are allowable by law, correctly stated and necessary to the litigation." D.N.M. LR-Civ. 54.1. This presupposes an analysis of the costs submitted so that the Clerk may tax costs. The court will deny Ms. Cabré's motion insofar as it seeks costs without prejudice to a conforming motion for costs submitted within 30 days from the entry of this order.

B. Attorneys' Fees

At the outset it is important to note that, although this is a case brought under the Hague Convention, this is not an award of attorneys' fees under that agreement. See generally 22 U.S.C. § 9007. Rather, these fees are awarded as a condition of the voluntary dismissal of Mr. Arjouan's suit, as outlined in the court's earlier order granting conditional dismissal without prejudice, see ECF No. 113, and judgment to that effect. See ECF No. 114.

The starting point for an award of attorneys' fees is to calculate the "lodestar amount": the reasonable hours expended by an attorney in litigating a case multiplied by a reasonable fee given an attorney's experience and ability. See, e.g. Anchondo v. Anderson, Crenshaw & Assocs., LLC, 616 F.3d 1098, 1102 (10th Cir. 2010). The party seeking an award of attorneys' fees bears the burden of proving the two constituent elements of the lodestar. See United Phosphorus, Ltd. v. Midland Fumigant, Inc., 205

F.3d 1219, 1233 (10th Cir. 2000). In other words, the moving party must present (1) adequate documentation to support the number of hours billed and the tasks on which those hours were expended, as well as (2) evidence of the prevailing billable rates in the community for similar work performed by lawyers of similar skill. See id. at 1233–34. When the moving party has provided sufficient evidence on both elements, the fee amount produced by the lodestar approach is presumptively reasonable. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546 (2010) ("[T]he lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." (quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 566 (1986))). Ultimately "the establishment of hourly rates in awarding attorneys' fees is within the discretion of the trial judge who is familiar with the case and the prevailing rates in the area." See Smith v. Freeman, 921 F.2d 1120, 1122 (10th Cir. 1990) (quoting Lucero v. City of Trinidad, 815 F.2d 1384, 1385 (10th Cir. 1987)).

Here, Ms. Cabré requests fees totaling $91,195 and costs totaling $3,508.93. Resp't's Mot. for Att'ys' Fees and Costs at 1 (ECF No. 120). The fees requested include the work of six attorneys and at least six paralegals or law clerks. The total hours billed are 388.20. The request for fees does not total the time for personnel other than Ms. Honeycutt and Ms. Macias-Mayo, so the court was required to compute the amount of time spent by other personnel. The hours and rates requested are set out in Table 1 infra.

The court begins with the amount of time billed. While many time entries link discrete tasks with the amount of time spent, many entries combine lists of various tasks, making it difficult to determine the amount of time spent on each. The Tenth Circuit has

4

cautioned counsel not to engage in the practice of block billing "because block billing does not precisely delineate 'how . . . hours were allotted to specific tasks.'" Cadena v. Pacesetter Corp., 224 F.3d 1203, 1215 (10th Cir. 2000) (quoting Ramos v. Lamm, 713 F.2d 546, 553 (10th Cir. 1983)). Block billing complicates the court's effort to determine whether the amount of time dedicated to a case was reasonable. Here, Ms. Cabré's attorneys often block billed their entries, combining multiple tasks into hours-long blocks of time. See Resp't's Mot. for Att'ys' Fees, Ex. D (ECF No. 120-4). For example, one entry by Ms. Macias-Mayo for 5 hours of time includes the tasks: "Work on motion to dismiss, forward to S. Dudelczyk for additional argument; work with team to finalize several motions for deadline; confer with MGolden; confer with DWalther; finish motions; finalize motion for filing." Id. at 17. The court is left to guess how much time was spent on any one of these tasks. This hardly meets the requirement that the movant "prove and establish the reasonableness of each dollar, each hour, above zero." Cadena, 224 F.3d at 1215 (internal quotation marks omitted) (quoting Jane L. v. Bangerter, 61 F.3d 1505, 1510 (10th Cir. 1995)).

The description of tasks in the time sheets also complicates the court's review of the requested fees. The time sheets often only vaguely refer to the task for which the client is being charged — for example, one entry cryptically describes "work on legal issues," while another lists "work with team to finalize several motions for deadline." Resp't's Mot. for Att'ys' Fees and Costs, Ex. D at 17 (ECF No. 120-4). Given these descriptions, the court is incapable of parsing which tasks are validly chargeable to Mr. Arjouan and which are properly excluded. For example, Respondent's Motion for

5

Judicial Notice of Adjudicative Facts (ECF No. 64) bordered on the frivolous given Judge Armijo's prior decision in the case and well-settled law that a court does not take judicial notice of contested facts. Also properly excluded would be work on the state court proceedings and any work that could be reused in future litigation.

Additionally, the court finds that counsel often engaged in duplicative or unnecessary work. The record of hours billed shows that counsel repeatedly billed Ms. Cabré for time spent conferring among lawyers and paralegals — given the case's level of complexity, the amount of time billed for these conferences strikes the court as inefficient. See, e.g. Resp't's Mot. for Att'ys' Fees and Costs, Ex. D at 17 (ECF No. 120-4) ("Confer with M. Honeycutt and S. Dudelcyk [sic]"; "Confer with M. Honeycutt and M. Rutledge"; "Confer with team regarding motions, strategy, deadlines, etc."). There is also an unnecessarily large amount of time spent by counsel and paralegals reviewing one another's work. There was no demonstrated need for this level of review, and billing judgment suggests that such overlap ought not to be billed to one's client, let alone opponent.

Next the court considers the rates requested by counsel. "The party entitled to fees must provide the district court with sufficient information to evaluate prevailing market rates." Raja v. Ohio Sec. Ins. Co., 305 F. Supp. 3d 1206, 1237 (D.N.M. 2018). The evidence should show that the rates requested are similar to those charged by "lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). Here, the only evidence submitted are affidavits of two of the lawyers that worked on the case, Ms. Honeycutt and Ms. Macias-Mayo, claiming that *their own*

*rates* are reasonable. Unlike in many cases, no outside lawyers support the claim that the rates of these two lawyers are reasonable. That aside, no supporting affidavits exist for the fees of any other person(s) who worked on the case. Particularly troubling is that there is no evidence to support the reasonableness of the $175 per hour charged by the firm for paralegal and law clerk time. This is a substantial omission given that one paralegal, Ms. Rutledge, billed 144.30 hours for a total requested fee of $25,252.50. According to a survey by the National Association of Legal Assistants, the average billing rate for paralegals in 2016 in the Southwest region (which includes the large legal markets in Texas) was $126 per hour. See NALA, <u>2016 National Utilization and Compensation Survey Report</u> 21 (2016), https://www.nala.org/about-paralegals/research-and-survey-findings. That average rate is well below the rate requested for paralegal work in Ms. Cabré's motion. While the court appreciates counsel's efforts to economize by shifting work to paralegals rather than billing at attorney rates, counsel has still failed to justify the rate charged for paralegal time. Given the lack of supporting evidence for the requested fees, the court holds that the fee should be reduced to reflect this deficiency and at the very least to bring the amount in line with the average for our region. Accordingly, exercising our duty to ensure that attorneys' fees awarded are reasonable, the paralegal rate will be reduced to $125 per hour.

  Given the submission, the court will reduce the amount of time billed by attorneys and paralegals on the case by one-third to reflect the block billing of time and the redundant and duplicative tasks. As noted, the court will reduce the rate at which paralegal work was billed to $125 per hour. Together, this yields a final attorneys' fee

7

award of $39,515.00 for work performed by attorneys and $15,175.00 for work performed by paralegals prior to the imposition of gross receipts tax — in sum, $54,690.00.  See Appendix, Table 2, infra.  Gross receipts tax[1] of $4,614.47 will be included.  The court believes this reflects a reasonable fee given the quality of the performance of counsel, the complexity of the issues involved, and the amount of time called for by the litigation.

    NOW, THEREFORE, IT IS ORDERED that Respondent's Motion for Attorneys' Fees and Costs is granted in part as to attorneys' fees and denied without prejudice as to costs.  The court will award attorneys' fees in the amount of $59,304.47 to Ms. Cabré.  Ms. Cabré may submit a properly supported motion for costs within 30 days from the date of entry of this order.

    DATED this 24th day of September 2018, at Santa Fe, New Mexico.

                                             */s/ Paul Kelly, Jr.*
                                       UNITED STATES CIRCUIT JUDGE
                                       Sitting by Designation

---

[1] The current gross receipts tax rate for Santa Fe is 8.4375%.  See Gross Receipts Tax Rates, New Mexico Taxation & Rev. Dep't, http://www.tax.newmexico.gov/gross-receipts-tax-historic-rates.aspx (last visited Sept. 19, 2018).

**APPENDIX**

Table 1. Requested Time and Rates

| Name | Hours Worked | Billable Rate | Total Fee Claimed |
|---|---:|---:|---:|
| Walther | 0.60 | $495 | $297.00 |
| Bennett | 0.30 | $425 | $127.50 |
| Golden | 2.20 | $375 | $825.00 |
| Honeycutt | 97.10[2] | $295 | $28,644.50 |
| Macias-Mayo | 79.30 | $295 | $23,393.50 |
| Johnson | 26.60 | $225 | $5,985.00 |
| Devi | 1.50 | $175 | $262.50 |
| Dudelczyk | 30.00 | $175 | $5,250.00 |
| Hunt | 2.50 | $175 | $437.50 |
| Rutledge | 144.30 | $175 | $25,252.50 |
| Saavedra | 2.10 | $175 | $367.50 |
| Law Clerk(s) | 1.70 | $175 | $297.50 |

Table 2. Awarded Time and Rates

| Name | Adjusted Hours Worked | Adjusted Billable Rate | Total Fee Claimed |
|---|---:|---:|---:|
| Walther | 0.40 | $495 | $198.00 |
| Bennett | 0.20 | $425 | $85.00 |
| Golden | 1.47 | $375 | $552.75 |
| Honeycutt | 64.73 | $295 | $19,191.82 |
| Macias-Mayo | 52.87 | $295 | $15,673.65 |
| Johnson | 17.73 | $225 | $4,009.95 |
| Devi | 1.00 | $125 | $125.63 |
| Dudelczyk | 20.00 | $125 | $2,512.50 |
| Hunt | 1.67 | $125 | $209.38 |
| Rutledge | 96.20 | $125 | $12,085.13 |
| Saavedra | 1.40 | $125 | $175.88 |
| Law Clerk(s) | 1.13 | $125 | $142.38 |

---

[2] Ms. Honeycutt's affidavit claims 96.10 hours at $295 per hour. However, the time sheets submitted also reflect an additional 1.00 hour billed at her full rate of $350 per hour, and the attorneys' fees requested in Ms. Cabré's motion reflect this additional $350. See Def.'s Mot. for Att'ys' Fees at 1; id, Ex. D at 2. The court has reduced the one outlier hour to $295 and included it with the remainder of Ms. Honeycutt's claimed time.